UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

```
*********************************
In re:  Aftokinito Rally, Inc.        *      Chapter 7
                                      *      Case No. 17-10184-BAH
                    Debtor            *
*********************************
Michael S. Askenaizer, Chapter 7      *
Trustee                               *
                    Plaintiff         *      Adv. Proc. No. _____
v.                                    *
                                      *
Brad Birkenfeld                       *
                    Defendant         *
*********************************
```

## COMPLAINT

Michael S. Askenaizer, Chapter 7 Trustee in the above entitled bankruptcy case [hereinafter referred to as the "Trustee"], commences the instant adversary proceeding by and through the undersigned special counsel pursuant to 11 U.S.C. § 105, 547, 550 and 551, along with Bankruptcy Rule 7001 et seq., to avoid and recover certain transfers to or for the benefit of the Defendant, Brad Birkenfeld.

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of New Hampshire (the Bankruptcy Court), has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b).

2. The Bankruptcy Court has personal jurisdiction over the Defendants pursuant to Rule 7004 of the Federal Rules of Bankruptcy Procedure.

3. Venue is proper in the Bankruptcy Court pursuant to 28 U.S.C. § 1409.

4. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(A), (F) and

1

(O).

5.  Pursuant to Administrative Order 7008-1, the Trustee consents to the entry of final orders and/or judgment by the Bankruptcy Court

## PARTIES

6.  The Debtor, Aftokinito Rally, Inc. filed a voluntary petition for relief under Chapter 11 of Title 11 in this District on February 16, 2017.

7.  On March 24, 2017, at the request of the U.S. Trustee's Office, the Court entered its Order appointing Michael S. Askenaizer as Chapter 11 Trustee.

8.  On March 30, 2017, the Chapter 11 Trustee filed a motion seeking conversion of this matter to one under Chapter 7.

9.  On April 6, 2017 the Court entered its Order converting this matter into a proceeding under Chapter 7 by Order of the Court.

10.  The Defendant, Brad Birkenfeld [hereinafter interchangeably referred to as the "Defendant" and "Birkenfeld"], is an individual with a last known address of 40 FCA, Rye Beach, New Hampshire.

## FACTS

11.  On March 12, 2016 Defendant obtained judgment against Aftokinito Properties, Inc. and the Debtor in the matter of <u>Brad Birkenfeld v. Stephan Condodemetraky, et al</u>, Rockingham County Superior Court, Docket No. 218-2013-CV-01111.

12.  Subsequent thereto in response to a request from the Defendant's counsel in the aforementioned civil action, Michael Ortlieb, Esquire, on or about January 20, 2017

the Rockingham County Superior Court issued and sent to Attorney Ortlieb a writ of execution, a copy of which is annexed hereto as Exhibit 'A' and is incorporated herein by reference.  As indicated therein, it directed the sheriff or deputy or law enforcement officer of any county

> ...(t)o levy the money, goods, chattels, lands, personal estate, property interest, right or credit of Aftokinito Properties, Inc.; Aftokinito Rally, Inc. and pay to Brad Birkenfeld the amount stated below with interest.

As also indicated therein according to said execution, the balance then due and owing the Defendant on the aforesaid judgment was $72,248.77.

13. On or about January 23, 2017 Attorney Ortlieb forwarded the aforesaid writ of execution to the Hillsborough County Sheriff's Department, directing that it "serve the writ/and levy upon Defendant's assets" at Bank of America, Manchester, New Hampshire.

14. Pursuant to the request of Attorney Ortlieb on or about January 26, 2017 Captain Michael Auciello of the Hillsborough County Sheriff's Department served the aforesaid writ of execution upon the Bank of America.

15. According to his modified return of service dated February 15, 2017, Captain Auciello collected the total amount of $37,142.00, forwarding to Attorney Ortlieb the sum of $36,729.58, said amount being net certain fees as also detailed on said return, a copy of said return being annexed hereto as Exhibit 'B' and incorporated herein by reference.

16. A review of what is understood to be excerpts from statements of certain accounts of the Debtor and Aftokinito Properties, Inc. with Bank of America furnished to Attorney Ortlieb by Debtor's counsel, William Gannon, Esquire reveals the breakdown of the aforementioned levy of $37,142.00 between said accounts is as follows:

<u>As to the Debtor, Aftokinito Rally, Inc.</u>

| Account Ending In Numbers | Date | Amount |
|---|---|---|
| 8240 | 01/26/17 | $24,446.94 |
| 4467 | 01/26/17 | <u>$4,712.53</u> |
| Subtotal | | $29,159.47 |

<u>As to Aftokinito Properties, Inc.</u>

| Account Ending In Numbers | Date | Amount |
|---|---|---|
| 8266 | 01/26/17 | $2,206.96 |
| 1275 | 01/26/17 | <u>$5,775.57</u> |
| Subtotal | | <u>$7,982.53</u> |
| TOTAL LEVY | | $37,142.00 |

17. As also detailed in the return of Captain Auciello the aforesaid payment in the amount of $36,727.58 was in partial satisfaction of the aforesaid writ of execution.

18. On or about December 28, 2017, the Trustee by and through his counsel commenced a separate adversary proceeding captioned <u>Michael S. Askenaizer, Chapter 7 Trustee v. Stephan Condodemetraky, et al</u>, Adv. Proc. No. 17-01087-BAH, said complaint being incorporated herein by reference.  In that complaint the Trustee sets forth a series of detailed factual allegations in support of the belief that Aftokinito Properties, Inc. is the "mere predecessor or alter ego of the Debtor".  In so doing, the Trustee seeks to have this court order and decree the substantive consolidation of Aftokinito Properties, Inc. along with other persons as identified therein with the Debtor's estate pursuant to 11  U.S.C. §'s 105, 542 and Common Law.  (See Count I 11 U.S.C. §

4

105 – SUBSTANTIVE CONSOIDATION, Aftokinito Properties, Inc., Tenedos Holdings, LLC, Aftokinito Transport, Inc., Business Partners, LLC and Stephan Condodemetraky.)  As such the Trustee maintains that the aforesaid levies totaling $37,142.00 constitute interests of the Debtor in property.

### COUNT I – TO AVOID PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547(B)

19. The Trustee repeats and re-alleges each allegation contained in Paragraphs 1 through 18 above as if fully set forth herein.

20. 11 U.S.C. § 547(b) provides:

(b) Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property –

    (1) to or for the benefit of a creditor;

    (2) for or on account of an antecedent debt owed by the debtor before said transfer was made;

    (3) made while the debtor was insolvent;

    (4) made –

        (A) on or within 90 days before the date of the filing of the petition; or

        (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

    (5) that enables such creditor to receive more than such creditor would receive if –

        (A) the case were a case under chapter 7 of this title;

        (B) the transfer had not been made; and

        (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

5

21.     During the period on or within ninety (90) days before the date of filing, the aforesaid levy or transfers were made to or on behalf of the Defendant.

22.     During the ninety day (90) period, Defendant was a judgment creditor of both the Debtor and Aftokinito Properties, Inc. within the meaning of Section 547(b)(1) of the Bankruptcy Code.

23.     The avoidable transfers were transfers of an interest in the Debtor's property.

24.     According to both the aforesaid return of service and excerpts from the bank records for the Bank of America accounts in the names of the Debtor and Aftokinito Properties, Inc., avoidable transfers were made to or for the benefit of the Defendant because each transfer either reduced the balance due and owing on his state court judgment.

25.     The transfers were made for or on account of an antecedent debt owed on the aforesaid judgment by the Debtor.

26.     The transfers were made while the Debtor was insolvent.  The Trustee is entitled to the presumption of insolvency for each transfer made during the preference period pursuant to Section 547(f) of the Bankruptcy Code.  Further, as evidenced by, among other things: (i) the Debtor's bankruptcy petition; and (ii) the proofs of claim that have been filed against the Debtor, its liabilities exceeded the value of the Debtor's assets during the Preference Period.

27.     The Debtor's general unsecured creditors will receive less than full value on account of their allowed claims against Plaintiff's estates.

28. The transfers were made on or within ninety (90) days prior to the Petition Date.

29. The transfers enabled Defendant to receive more than he would receive if (a) the Debtor's case were under Chapter 7 of the Bankruptcy Code, (b) the avoidable transfers had not been made, and (c) Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

30. Defendant was either the initial transferee of the transfers, the person for whose benefit the transfers were made, or was the immediate or mediate transferee of the initial transferee receiving the transfers.

31. By reason of the foregoing, each transfer should be avoided and set aside as a preferential transfer pursuant to Section 547(b) of the Bankruptcy Code.

32. Despite repeated requests on behalf of the Trustee, the Defendant has neglected and refused to pay.

### COUNT II – TO RECOVER AVOIDABLE TRANSFERS PURSUANT TO 11 U.S.C. 550

33. The Trustee repeats and re-alleges each and every allegation contained in Paragraphs 1 through 32 above as if fully set forth herein.

34. The Trustee is entitled to avoid the transfers pursuant to Section 547(b) of the Bankruptcy Code.

35. The Defendant was the initial transferee of the transfers, the immediate or mediate transferee of such initial transferee, or the person for whose benefit the transfers were made.

36. Pursuant to Section 550(a) of the Bankruptcy Code, the Trustee is entitled

to recover from Defendant an amount to be determined at trial that is not less than the total amount of the transfers, plus interest thereon to the date of payment and the costs of this action.

### COUNT III – TO DISALLOW
### CLAIM PURSUANT TO 11 U.S.C. § 502(d)

37.     The Trustee repeats and re-alleges each and every allegation contained in Paragraphs 1 through 36 above as if fully set forth herein.

38.     Defendant is a person from which property is recoverable under Section 550 of the Bankruptcy Code.

39.     Defendant was the initial transferee of the transfers, the immediate or mediate transferee of such initial transferee, or the person for whose benefit the transfers were made.

40.     Defendant has not paid the Trustee the amount of the transfers, or turned over such property to the Trustee, for which Defendant is liable under Section 550 of the Bankruptcy Code.

41.     Pursuant to Section 502(d) of the Bankruptcy Code, any and all claims of Defendant and/or its assignee, against the Debtor's estate, must be disallowed until such time as Defendant pays to the Trustee all amounts sought herein.

WHEREFORE, Michael S. Askenaizer, Chapter 7 Trustee respectfully requests that this Honorable Court enter judgment against Defendant Brad Birkenfeld:

A.      Avoiding all transfers pursuant to Section 547(b) of the Bankruptcy Code.

B.      Pursuant to Section 550(a) of the Bankruptcy Code, directing Defendant to pay to him an amount to be determined at trial that is not less than the full amount of the

8

transfer, plus interest and costs;

 C. Disallowing any claim of Defendant pursuant to Section 502(d) of the Bankruptcy Code;

 D. Awarding pre-judgment interest at the maximum legal rate running from the date of the Plaintiff's first demand to return all transfers to the date of judgment with respect to this Complaint (the "**Judgment**") herein;

 E. Awarding post-judgment interest at the maximum legal rate running from the date of the Judgment until the date the Judgment is paid in full, plus costs;

 F. Requiring Defendant to pay forthwith the amount of the Judgment; and

 G. Granting such other and further relief as the Court deems necessary and just.

Respectfully submitted,

MICHAEL S. ASKENAIZER, CHAPTER 7 TRUSTEE
By His Attorneys:
BELIVEAU, FRADETTE & GALLANT, P.A.

Date:  January 24, 2018

/s/Clifford P. Gallant, Jr. Esquire
Clifford P. Gallant, Jr., Esquire
91 Bay Street
Manchester, NH  03104
603-623-1234  BNH # 01706